**UNITED STATES of America, Plaintiff,**

v.

**Gregory Mark BLANCHARD, Defendant.**

**No. 96–CR–90029–02, 98–CV–60057–AA.**

United States District Court,
E.D. Michigan,
Southern Division.

June 9, 1998.

Ross Parker, Asst. U.S. Attorney, United States Attorney's Office, Detroit, MI, for Plaintiff.

Gregory Mark Blanchard, Elkton, OH, pro se.

## ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE, VACATE AND CORRECT SENTENCE

HACKETT, District Judge.

On February 5, 1997, defendant pled guilty to conspiracy to distribute marijuana, a violation of 21 U.S.C. § 846. He was represented by an experienced, retained trial attorney. Now before the court is defendant's April 22, 1998, motion to set aside, vacate and correct his sentence. In support of his motion, defendant relies on the Sixth Circuit's recent decision in *United States v. Ovalle,* 136 F.3d 1092 (6th Cir.1998). In *Ovalle,* the court concluded that this district's Jury Selection Plan was not constitutionally valid because the plan reduced the number of white potential jurors in order to achieve a percentage of African American potential jurors consistent with the African American population in the district. As this plan was used to select the grand jury which indicted defendant, he contends that his indictment must be dismissed and his sentence vacated. The court disagrees.

Federal Rule of Criminal Procedure 12(b)(2) requires that any defense or objection based on defects in the indictment must

be raised prior to trial. In *Davis v. United States*, 411 U.S. 233, 234, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973), the Supreme Court addressed the effect of Fed.R.Crim.P. 12(b)(2) on a post-conviction motion for relief "which raises for the first time a claim of unconstitutional discrimination in the composition of a grand jury." In ruling on the issue, the Court stated:

> We believe that the necessary effect of the congressional adoption of Rule 12(b)(2) is to provide that a claim once waived pursuant to that Rule may not later be resurrected, either in the criminal proceedings or in federal habeas, in the absence of the showing of "cause" which that Rule requires. We therefore hold that the waiver standard expressed in Rule 12(b)(2) governs an untimely claim of grand jury discrimination, not only during the criminal proceeding, but also later on collateral review.

*Id.* at 242, 93 S.Ct. 1577. In fact, in *Ovalle*, the Sixth Circuit applied this rule to bar certain claims:

> Federal Rule of Criminal Procedure 12(b)(2) provides that "[d]efenses and objections based on defects in the indictment or information..." must be raised prior to trial. Federal Rule of Criminal Procedure 12(b)(2) governs an untimely claim of discrimination in the selection of the grand jury, "even when such challenges are on constitutional grounds." "Challenges of the petit jury are treated the same as challenges of the grand jury."
>
> Failure to raise an objection to the selection of the grand or petit jury prior to trial "shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver."

*Ovalle*, 136 F.3d at 1107 (citations omitted).

■ In this case, defendant attempts to establish "cause" for failing to challenge the selection of the grand jury in a timely manner by asserting ineffective assistance of counsel. However, in order to show cause for such a procedural default, defendant must demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the ... procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488,

106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for procedural default." *Id.* at 486, 106 S.Ct. 2639. Moreover, the Supreme Court recently held:

> Petitioner offers two explanations for his default in an attempt to demonstrate cause. First, he argues that "the legal basis for his claim was not reasonably available to counsel" at the time his plea was entered. This argument is without merit. While we have held that a claim that "is so novel that its legal basis is not reasonably available to counsel" may constitute cause for a procedural default, petitioner's claim does not qualify as such.... Petitioner also contends that his default should be excused because, "before *Bailey*, any attempt to attack [his] guilty plea would have been futile." This argument too is unavailing. As we clearly stated in *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" Therefore, petitioner is unable to establish cause for his default.

*Bousley v. United States*, ⎯ U.S. ⎯, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998) (citations and footnote omitted). Likewise, in this case, defendant has not established cause for failing to challenge the selection of the grand jury prior to his guilty plea.

■ For the reasons stated above, defendant's motion to vacate, set aside and correct sentence hereby is DENIED. In addition, before defendant can appeal this court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Defendant here has made no such showing. Accordingly, a certificate of appealability hereby is DENIED.

SO ORDERED.